UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

FILED
CHARLOTTE, NC

DEC 5 2012

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.

JOHN W. FEMENIA, SHAWN C. HEGEDUS,
DANIELLE C. LAURENTI, CORAM REAL
ESTATE HOLDING, INC., GOLDSTAR P.S. INC.,
ROGER A. WILLIAMS, , KENNETH M. RABY,
FRANK M. BURGESS, JAMES A. HAYES,
MATTHEW J. MUSANTE, ANTHONY C.
MUSANTE and AARON M. WENS,

                Defendants,

and

KRISTINE LACK and CHRISTINE E. MUSANTE,

                Relief Defendants.

Civil Action No.

3:12cv803(GCM)

## [PROPOSED] TEMPORARY RESTRAINING ORDER FREEZING ASSETS OF DEFENDANTS AND RELIEF DEFENDANTS AND GRANTING OTHER RELIEF AND FOR AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

Upon the emergency *ex parte* Application of Plaintiff Securities and Exchange Commission (the "Commission") for an order: (1) temporarily restraining Defendants from further violations of the federal securities laws; (2) freezing the assets of Defendants and Relief Defendants and the funds obtained through the alleged insider trading, (3) requiring an identification of persons and assets, (4) preventing document alteration or destruction, (5)

1

expediting discovery, and (6) requiring Defendants and Relief Defendants to show cause why a preliminary injunction should not be issued:

The Court, having considered the pleadings, declarations, exhibits and memorandum and documents filed in support of the Commission's application makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over Defendants and Relief Defendants;

2. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)), that the Defendants, directly or indirectly, have engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices and courses of business constituting violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") (15 U.S.C. § 78j(b)) and Exchange Act Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

3. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants and Relief Defendants will dissipate, conceal, or transfer assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that, *inter alia*, prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

4. There is good cause to believe that, unless restrained and enjoined by order of this Court, Defendants or Relief Defendants may alter or destroy documents relevant to this action.

NOW THEREFORE,

**I.**

IT IS HEREBY ORDERED that, pending determination of the Application for Preliminary Injunction and further order of this Court, Defendants and their respective agents, servants, employees, attorneys and all persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, restrained from, directly or indirectly:

    A.    employing any device, scheme or artifice to defraud;

    B.    making any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person.

in violation of Section 10(b) of the Exchange Act ") (15 U.S.C. § 78j(b) and Exchange Act Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

**II.**

IT IS HEREBY FURTHER ORDERED that, pending the determination of the Commission's Application for a Preliminary Injunction and further order of this Court:

    A.    The assets of Defendants and Relief Defendants be, and hereby are, frozen. The freeze shall include, but not be limited to, those funds located in any bank or brokerage accounts of

Defendants or Relief Defendants. Defendants, Relief Defendants and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained and enjoined from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing any assets and property owned by, controlled by, or in the possession of said Defendants or Relief Defendants. In addition, proceeds derived from the trading alleged in the Commission's Complaint remaining in the custody and control of Defendants or Relief Defendants are hereby frozen regardless of where said proceeds are located or in what form they presently take. Defendants, Relief Defendants and their respective officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, except any trustee, receiver or special fiscal agent appointed by this Court, be, and hereby are, restrained and enjoined from, directly and indirectly, transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing of any such proceeds, regardless of where they are located or in what form they presently take.

B. Any financial or brokerage institution or other person or entity holding any funds or other assets in the name of, for the benefit of, or under the control of Defendants, Relief Defendants or their respective agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, pledging, transfer or other use or disposal of any such funds or other assets except as otherwise ordered by this Court.

## III.

IT IS HEREBY FURTHER ORDERED that, the Defendants and Relief Defendants each shall submit in writing to this Court and Plaintiff Commission within two (2) business days following service of this Order, the following identity information:

A. all names by which Defendants and Relief Defendants are known, all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers and e-mail addresses; and

B. each account with any financial institution or brokerage firm maintained in Defendants and Relief Defendants' name or held for Defendants and Relief Defendants' direct or indirect beneficial interest from March 1, 2010 through the present, including, but not limited to, each account through which Defendants and Relief Defendants directed securities transactions since March 1, 2010, or in which proceeds from such transactions were held, and the current balance in each such account.

## IV.

IT IS HEREBY FURTHER ORDERED that Defendants, Relief Defendants and their agents, servants, employees, attorneys-in-fact, any bank or financial institution holding any of the assets of Defendants or Relief Defendants, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action. As used in this Order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other

5

Case 3:12-cv-00803-GCM   Document 5   Filed 12/05/12   Page 5 of 9

tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, text messages, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

V.

IT IS HEREBY FURTHER ORDERED that the Commission may take expedited discovery as follows:

A. The Commission may take depositions upon oral examination subject to three (3) days notice of any such deposition. As to Defendants and Relief Defendants and their agents, servants, employees, brokers and associates, the Commission may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions which have not been signed by the witness may be used for purposes of the hearing on the Commission's application for a preliminary injunction;

B. Defendants and Relief Defendants each shall answer the Commission's interrogatories within three (3) days of service of such interrogatories;

C. Defendants and Relief Defendants each shall produce all documents requested by the Commission within three (3) days of service of such requests, with production of the documents made to Pat Huddleston II, Esq., U.S. Securities and Exchange Commission, or such other person or place as counsel for the Commission may direct in writing;

D. Defendants and Relief Defendants each shall respond to the Commission's requests for admissions within three (3) days of service of such requests;

E. The Commission may serve discovery by facsimile or by any other means

6

provided for within the Federal Rules of Civil Procedure; and

F. All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure and this Order shall be delivered by hand or overnight courier to the Commission at its Atlanta, Georgia office, to the attention of Pat Huddleston II, Esq. or such other place and person as counsel for the Commission may direct, by the most expeditious means available, including facsimile.

## VI.

IT IS HEREBY FURTHER ORDERED that this Order shall be, and is, binding upon Defendants and Relief Defendants, and each of their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him or her who receive actual notice of this Order by personal service, facsimile service, or service in accordance with this Order, or otherwise.

## VII.

IT IS HEREBY FUTHER ORDERED that service and actual notice of this Order may be accomplished by delivery of a copy of this Order by hand, U.S. mail, courier service, facsimile, by email or by any other reasonable means of delivery upon any of the Defendants, Relief Defendants or any financial institution or other entity or person that may have possession, custody or control of any documents or assets of any Defendant or Relief Defendant, or that may be subject to any provision of this Order.

## VIII.

IT IS HEREBY FURTHER ORDERED that Defendants and Relief Defendant shall appear before this Court at 10:30 o'clock A.m. EST on the 7th day of Dec, 2012, in Courtroom

7

__3__ of the United States Courthouse for the Western District of North Carolina, Charlotte Division, or as soon thereafter as the matter can be heard, and in any event prior to the expiration of this Order, to show cause, if any exists, why this Court should not enter a preliminary injunction enjoining Defendants from further violations of the Exchange Act, continuing the freeze on the assets of the Defendants and Relief Defendants, and ordering any additional relief as the court deems appropriate. Defendants and Relief Defendants shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, Pat Huddleston II, Esq., U.S. Securities and Exchange Commission, 950 East Paces Ferry Road, N.E., Suite 900, Atlanta, GA 30326-1382, or via email to huddlestonp@sec.gov, no later than three full business days before such hearing. The Commission may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply, if any, on Defendants and Relief Defendants or their respective attorneys by facsimile transmission, email, courier service, or other means as the Commission may reasonably determine will give Defendants and Relief Defendants or their attorneys prompt delivery of these papers.

## IX.

IT IS HEREBY FURTHER ORDERED that this Order will remain in effect until modified by further order of this Court and the Court shall retain jurisdiction of this matter for all purposes.

Service of this Order shall be effected upon Defendants and Relief Defendants as expeditiously as practicable.

8

Case 3:12-cv-00803-GCM   Document 5   Filed 12/05/12   Page 8 of 9

**SO ORDERED**, at _Charlotte_, North Carolina on this _5th_ day of _DEC_, 2012 at _10 45_ a.m. _EST_

_/s/ Graham C. Mullen_
UNITED STATES DISTRICT JUDGE