UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>v.<br><br>JOHN W. FEMENIA, SHAWN C. HEGEDUS, DANIELLE C. LAURENTI, CORAM REAL ESTATE HOLDING, INC., GOLDSTAR P.S. INC., ROGER A. WILLIAMS, KENNETH M. RABY, FRANK M. BURGESS, JAMES A. HAYES, MATTHEW J. MUSANTE, ANTHONY C. MUSANTE and AARON M. WENS,<br><br>        Defendants,<br><br>and<br><br>KRISTINE LACK and CHRISTINE E. MUSANTE,<br><br>        Relief Defendants. | Civil Action No.<br><br>3:12-cv-803-GCM |

## ORDER GRANTING PRELIMINARY INJUNCTION AND OTHER RELIEF

The Securities and Exchange Commission ("Commission") having filed a Complaint and Emergency *Ex Parte* Application for a Temporary Restraining Order and Other Relief on December 5, 2012 against, among others, Defendant Aaron M. Wens ("Wens") (the Commission and Wens referred to herein as the "Parties"); Wens having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Order Granting Preliminary Injunction and Other Relief (the "Order") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of

1

fact and conclusions of law; and waived any right to appeal from this Order.

I.

**IT IS ORDERED** that Wens, his respective agents, servants, employees, attorneys and all persons in active concert or participation with them, in connection with the purchase or sale or in the offer or sale of securities, by use of any means or instrumentalities of interstate commerce or any means or instruments of transportation or communication in interstate commerce, or by the mails or any facility of any national securities exchange, be, and they hereby are, preliminarily restrained and enjoined from, directly or indirectly:

    A.     employing any device, scheme or artifice to defraud;

    B.     engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person by providing false or misleading information or omitting to provide material information to actual or prospective investors concerning the performance, return, existence, use or disposition of investor funds; or

    C.     obtaining money or property by means of any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading,

in violation of Section 10(b) of the Exchange Act ") (15 U.S.C. § 78j(b) and Exchange Act Rule 10b-5 thereunder (17 C.F.R. § 240.10b-5).

II.

**IT IS FURTHER ORDERED** that all the relief provided for in this Court's December 5, 2012 Temporary Restraining Order Freezing Assets of Defendants and Relief Defendants

and other relief ("December 5 Order") is hereby extended as to Wens until further order of the Court, EXCEPT THAT:

1. The preliminary injunction hearing scheduled for December 17, 2012 as to the Wens is cancelled as he has consented to a preliminary injunction. This provision does not impact the hearing with respect to the other defendants or relief defendants; and

2. The asset freeze with respect to Wens is lifted solely with respect to his Wells Fargo Bank checking account, account number xxx-xx-4332, which account is unfrozen up to a maximum total amount of Fifteen Thousand Dollars ($15,000.00).

### III.

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction over this matter and over Wens, in order to implement and carry out the terms of all Orders and Decrees that may be entered.

### IV.

Wens's Consent is incorporated herein with the same force and effect as if fully set forth herein, and Wens shall comply with all of the undertakings and agreements set forth therein.

Dated: 13 Dec, 2012

*Graham C. Mullen*
UNITED STATES DISTRICT JUDGE

3