# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

      v.

JOHN W. FEMENIA, SHAWN C. HEGEDUS, DANIELLE C. LAURENTI, CORAM REAL ESTATE HOLDING, INC., GOLDSTAR P.S. INC., ROGER A. WILLIAMS, KENNETH M. RABY, FRANK M. BURGESS, JAMES A. HAYES, MATTHEW J. MUSANTE, ANTHONY C. MUSANTE and AARON M. WENS,

                Defendants,

and

KRISTINE LACK and CHRISTINE E. MUSANTE,

                Relief Defendants.

Civil Action No.
3:12-cv-803-GCM

## ORDER GRANTING PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AS TO DEFENDANT BURGESS

The Securities and Exchange Commission ("Commission") having filed

a Complaint and Emergency *Ex Parte* Application for a Temporary Restraining Order and Other Relief on December 5, 2012 against, among others, Defendant Frank M. Burgess ("Burgess" or "Defendant") (the Commission and the Defendant collectively referred to herein as the "Parties"); the Defendant having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Order Granting Preliminary Injunction and Other Relief (the "Preliminary Injunction Order") without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Order.

## I.

**IT IS ORDERED** that Burgess, his respective agents, servants, employees, attorneys and all persons in active concert or participation with them, in connection with the purchase or sale of securities, by use of any means or instrumentalities of interstate commerce, or of the mails or any facility of any national securities exchange, be, and they hereby are, preliminarily restrained and enjoined from, directly or indirectly:

    A.    employing any device, scheme or artifice to defraud;

B.  making any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.  engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act ") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

## II.

**IT IS FURTHER ORDERED** that all the relief provided for in this Court's December 5, 2012 Temporary Restraining Order Freezing Assets of Defendants and Relief Defendants and other relief ("December 5 Order") is hereby extended as to the Defendant until further order of the Court, EXCEPT THAT:

1. The preliminary injunction hearing scheduled for December 17, 2012 as to Burgess is cancelled as to the issue of whether a preliminary injunction should issue as to Burgess, as Defendant has consented to entry of such an injunction. This provision does not impact the hearing with respect to other issues or other defendants or relief defendants; and

3

2. At the December 17, 2012 hearing, Defendant intends to request a release from the asset freeze to which the SEC cannot consent. Any relief from the asset freeze will be addressed by separate Order of this Court.

## III.

**IT IS FURTHER ORDERED** that this Court will retain jurisdiction over this matter and over the Defendant, in order to implement and carry out the terms of all Orders and Decrees that may be entered.

## IV.

The Defendant's Consent is incorporated herein with the same force and effect as if fully set forth herein, and the Defendant shall comply with all of the undertakings and agreements set forth therein.

Signed: December 13, 2012

*[signature]*

Graham C. Mullen
United States District Judge