UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

            Plaintiff,

v.

JOHN W. FEMENIA, SHAWN C. HEGEDUS,
DANIELLE C. LAURENTI, CORAM REAL
ESTATE HOLDING, INC., GOLDSTAR P.S. INC.,
ROGER A. WILLIAMS, , KENNETH M. RABY,
FRANK M. BURGESS, JAMES A. HAYES,
MATTHEW J. MUSANTE, ANTHONY C.
MUSANTE and AARON M. WENS,

            Defendants,

and

KRISTINE LACK and CHRISTINE E. MUSANTE,

            Relief Defendants.

Civil Action No.
3:12-cv-803

## ORDER CONTINUING AND PARTIALLY LIFTING ASSET FREEZE FOR DEFENDANT FRANK M. BURGESS

The Securities and Exchange Commission ("Commission") having filed a Complaint and Emergency *Ex Parte* Application for a Temporary Restraining Order and Other Relief on December 5, 2012 ("December 5 Order") against, among others, Defendant Frank M. Burgess ("Burgess") (the Commission and Burgess referred to herein as the "Parties"); Burgess having, among other things, consented to the entry of a preliminary injunction against him, which the Court entered on December 13, 2012 ("December 13 Order"), the Commission having made a Motion for a

1

Continuation and Partial Lifting of the Asset Freeze for Burgess, to which Burgess has consented, and the Parties having shown good cause why this Order should be entered,

IT IS HEREBY ORDERED that the asset freeze with respect to the assets of Burgess is hereby continued until further order of the Court, EXCEPT THAT:

1. The asset freeze with respect to the SunTrust Bank business account of Burgess Group of Charlotte, LLC ("Burgess Group"), account number xxx-x6647, shall be lifted so that Burgess Group may use that account to act in its ordinary course of business, including payments to employees and third-party vendors in arms-length transactions, but in no event shall the lifting of the freeze with respect to this account be construed to permit any withdrawal, transfer or payment from this account to Burgess, any member of his family or any other Defendant or Relief Defendant in this action, whether directly or indirectly.

2. The asset freeze with respect to Burgess' personal SunTrust Bank account, account number xxxx-xxxx-9552 shall be partially lifted as follows:

    a. Thirty Two Thousand Eight Hundred Eighty-Seven Dollars and Twenty Five Cents ($32,887.25) from this account shall be permitted to be used for the purpose of paying property taxes and homeowners insurance of Burgess and/or his businesses, to the extent that such obligation is not paid from the Burgess Group SunTrust Bank account identified above; and

    b. Ten Thousand Dollars ($10,000.00) from that account shall be permitted to be used for Burgess living expenses.

3. Burgess shall provide to the Commission on a monthly basis an accounting of the withdrawals, transfers and payments from the aforementioned bank account of Burgess Group.

All other terms and provisions of the Court's December 5, 2012 and the Court's December 13 Order with respect to Burgess shall remain in full force and effect pending further Order of the Court.

SO ORDERED this ___ day of December 2012.

/s/ Graham C. Mullen
U.S. DISTRICT COURT JUDGE

3