# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                          Plaintiff,

          v.

JOHN W. FEMENIA, SHAWN C. HEGEDUS,
DANIELLE C. LAURENTI,  CORAM REAL
ESTATE HOLDING, INC., GOLDSTAR P.S. INC.,
ROGER A. WILLIAMS, , KENNETH M. RABY,
FRANK M. BURGESS, JAMES A. HAYES,
MATTHEW J. MUSANTE, ANTHONY C.
MUSANTE and AARON M. WENS,

                      Defendants,

and

KRISTINE LACK and CHRISTINE E. MUSANTE,

                    Relief Defendants.

Civil Action No.

3:12-cv-803-GCM

## ORDER CONTINUING AND PARTIALLY LIFTING ASSET FREEZE
## WITH RESPECT TO DEFENDANT FRANK M. BURGESS

WHEREAS on December 5, 2012, Plaintiff Securities and Exchange Commission

("SEC" or "Commission") filed its Complaint [Dkt. No. 3] and Motion for Temporary

Restraining Order and other relief against, among others, Defendant Frank M. Burgess

("Burgess") [Dkt. No. 4];

WHEREAS, the Court entered on December 5, 2012 a Temporary Restraining Order

Freezing Assets of Defendants and Relief Defendants and Granting Other Relief and for an

Order to Show Cause Why a Preliminary Injunction Should Not Be Issued ("December 5 Order"), including but not limited to, a freeze of the assets of Defendant Burgess [Dkt. No. 5];

WHEREAS, Defendant Burgess consented to the entry of a preliminary injunction order against him, which the Court entered on December 13, 2012 [Dkt. No. 26];

WHEREAS, the Court, by Order of December 19, 2013 continued and partially lifted the asset freeze with respect to certain of Burgess' assets [Dkt. No. 41];

WHEREAS, the Court, by further orders, continued and partially lifted the asset freeze with respect to certain of Burgess' assets from time to time;

WHEREAS, Defendant Burgess seeks further partial relief from the asset freeze in order to operate his business, Burgess Group of Charlotte, LLC ("Burgess Group"), and to pay Burgess a reasonable salary;

WHEREAS, the Court has been advised that the Commission does not object to the relief contained herein;

WHEREAS, the Court has been advised that, upon the ordering of the relief contained herein, Burgess wishes to withdraw and deem as moot his Motion for Partial Relief from Asset Freeze by Modification of Preliminary Injunction filed on May 7, 2013 [Dkt. No. 100];

**IT IS HEREBY ORDERED** that the asset freeze with respect to the assets of Frank M. Burgess is hereby continued until further order of the Court, EXCEPT THAT the asset freeze with respect to the following Burgess SunTrust Bank accounts shall be lifted in and up to the following amounts to permit Burgess and Burgess' Group to continue normal operations and pay ordinary and customary expenses, including but not limited to, using such money to satisfy Burgess Group's bonding requirements and to pay Burgess a monthly salary in the amount of $10,000 per month beginning June 1, 2013;

1.     Account number xxxx-xxxx-1023 in and up to the amount of $50,000.00;

2.     Account number xxxx-xxxx-95719 in and up to the amount of $68,000; and

30.    Account number xxxx-xxxx-92277 in and up to the amount of $41,000.

**IT IS HEREBY FURTHER ORDERED** that Defendant Burgess' Motion for Partial Relief from Asset Freeze by Modification of Preliminary Injunction filed on May 7, 2013 is hereby deemed withdrawn and moot [Dkt. No. 100].

All other terms and provisions of the Court's prior orders with respect to Burgess shall remain in full force and effect pending further order of the Court.


Signed: May 22, 2013

Graham C. Mullen
United States District Judge