UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>v.<br><br>JOHN W. FEMENIA, SHAWN C. HEGEDUS, DANIELLE C. LAURENTI, CORAM REAL ESTATE HOLDING, INC., GOLDSTAR P.S. INC., ROGER A. WILLIAMS, KENNETH M. RABY, FRANK M. BURGESS, JAMES A. HAYES, MATTHEW J. MUSANTE, ANTHONY C. MUSANTE and AARON M. WENS,<br><br>              Defendants,<br><br>and<br><br>KRISTINE LACK and CHRISTINE E. MUSANTE,<br><br>              Relief Defendants. | Civil Action No.<br><br>3:12-cv-803-GCM |

1

## JUDGMENT AS TO DEFENDANT JAMES A. HAYES

The Securities and Exchange Commission having filed a complaint and a First Amended Complaint and Defendant James A. Hayes ("Defendant"), having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $178,566.00, representing profits gained as a result of the conduct alleged in the First Amended Complaint, together with prejudgment interest thereon in the amount of $2,222,80. Defendant shall satisfy this obligation by paying $180,788.80 to the Securities and Exchange Commission within 14 days after entry of this Judgment.

Defendant may transmit payment electronically to the Securities and Exchange Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center

Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; James A. Hayes as a defendant in this action; and specifying that payment is made pursuant to this Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

Upon motion of the Commission, the Court shall determine whether a civil penalty pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1] is appropriate and, if so, the amount of the penalty. In connection with the

4

Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the First Amended Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the First Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the asset freeze ordered by the Court in its December 13, 2012 Order Granting Preliminary Injunction and Other Relief as to Defendant [Dkt. 25], as such asset freeze has been amended from time to time by the Court, shall be partially lifted in a total amount of $180,788.80 for the sole purpose of permitting Defendant to use such funds to satisfy the disgorgement and prejudgment interest obligations set forth herein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Commission may seek to amend this Judgment to modify the disgorgement and prejudgment interest amounts set forth herein, and/or seek a penalty amount based upon the modified disgorgement amount, if the Commission identifies additional conduct not presently alleged in the First Amended Complaint for which Defendant is found liable.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 24 June, 2013

*Graham C. Mullen*
UNITED STATES DISTRICT JUDGE