UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> JOHN FEMEMNIA, SHAWN C. HEDGEDUS, DANIELLE C. LAURENTI, CORAM REAL ESTATE HOLDING, INC., GOLDSTAR P.S. INC, ROGER A. WILLIAMS, KENNETH M. RABY, FRANK M. BURGESS, JAMES A. HAYES, MATTHEW J. MUSANTE, ANTHONY C. MUSANTE and AARON M. WENS, <br><br> Defendants, <br><br> and <br><br> KRISTINE LACK and CHRISTINE E. MUSANTE, <br><br> Relief Defendants. | Civil Action No. 3:12- cv-803-GCM |

## AMENDED ORDER CONTINUING AND PARTIALLY LIFTING ASSET FREEZE FOR DEFENDANT ROGER A. WILLIAMS

WHEREAS, the Securities and Exchange Commission ("Commission") filed a Complaint and Emergency Ex Parte Application for a Temporary Restraining Order and other relief on December 5, 2012 [Dkt. 3, 4];

WHEREAS, the Court entered an order on that same day ordering a temporary restraint, asset freeze and other relief against certain Defendants, including Defendant Roger A. Williams ("Williams")("December 5 Order ") [Dkt. 5];

WHEREAS, Williams subsequently consented to the entry of an order imposing a preliminary injunction and a continuation of the asset freeze against him, which the Court entered on December 13, 2012 ("December 13 Order ") [Dkt. 22];

WHEREAS, Williams filed a motion on September 23, 2013 for a partial lifting of the asset freeze to permit Williams to sell a real estate property owned by Williams and located at 10603 New Town Road, Waxhaw, Marvin North Carolina ("Waxhaw Property") by or on October 1, 2013 for a purchase price of over $3 million and further moved the Court for a partial lifting of the asset freeze in the amount of $100,000 to permit Williams to pay for various expenses relating to that proposed transaction, including moving and relocation expenses and taxes [Dkt. 126];

WHEREAS, the Court entered an order on September 26, 2013 partially lifting the asset freeze to permit the sale of the Waxhaw Property ("Waxhaw Property Order") [Dkt. 129] and, in connection therewith, also entered a separate order partially lifting the asset freeze on a TD Ameritrade account to permit $100,000 to be provided to Williams to pay for various expenses, including moving expenses and taxes ("TD Ameritrade Order") [Dkt. 128];

WHEREAS, counsel for Williams has advised the Court that the sale of Waxhaw Property has not been finalized, but is expected to occur by October 31, 2013, and has further advised the Court that Williams has already incurred or owes substantial sums for moving and relocation expenses, as well as for tax liabilities relating to the Waxhaw Property;

IT IS HEREBY ORDERED that the asset freeze with respect to the assets of Williams is hereby continued until further order of the court, EXCEPT THAT:

1. The Court's earlier TD Ameritrade Order is hereby modified to permit the $100,000 to be released immediately by TD Ameritrade to Williams for the sole purpose of Williams paying moving and relocation expenses, taxes and other expenses incurred in connection with the Waxhaw Property;

2. The Court's earlier Waxhaw Property Order is hereby modified to continue the partial lifting of the asset freeze on the Waxhaw Property until and through October 31, 2013 for the sole purpose of permitting the sale of that property to a third party for over $3 million;

3. In the event of the closing and sale of the Waxhaw Property by or on October 31, 2013, closing attorney John Burns shall hold all of the sales proceeds obtained from such sale in his trust account pending further order of the Court, which the Court anticipates would be issued shortly thereafter; and

4. In the event that the closing and sale of the Waxhaw Property does not occur by October 31, 2013, then the partial lifting of the asset freeze with respect to the Waxhaw Property will expire by its own terms, and Williams will take all available legal measures, if and as necessary and appropriate, to ensure complete possession and ownership of that property.

All other terms and provisions of the Court's prior December 5 Order and December 13 Order with respect to Williams shall remain in full force and effect pending further Order of the Court.

SO ORDERED this 18th day of October, 2013.

*Graham C. Mullen*
United States District Judge