UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITES AND EXCHANGE COMISSION, )<br>)<br>Plaintiff, )<br>)<br>)<br>JOHN W. FEMEMNIA, SHAWN C. HEGEDUS, )<br>DANIELLE C. LAURENTI, CORAM REAL )<br>ESTATE HOLDING, INC. GOLDSTAR P.S. INC, )<br>ROGER A. WILLIAMS, KENNETH M. RABY, )<br>FRANK M. BURGESS, JAMES A. HAYES, )<br>MATTHEW J. MUSANTE, ANTHONY C. )<br>MUSANTE and AARON M. WENS. )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>KRISTINE LACK and CHRISTINE E. MUSANTE )<br>)<br>Relief Defendants. ) | Civil Action No.<br>3:12- cv-803-GCM |

**AMENDED
ORDER CONTINUING AND PARTIALLY LIFTING ASSET FREEZE
WITH RESPECT TO DEFENDANT KENNTH M. RABY**

WHEREAS on December 5, 2012, Plaintiff Securities and Exchange Commission

("SEC" or "Commission") filed its Complaint [Dkt. No. 3] and Motion for Temporary

Restraining Order and other relief against, among others, Defendant Kenneth M. Raby ("Raby")

[Dkt. No. 4];

WHEREAS, the Court entered on December 5, 2012 a Temporary Restraining Order

Freezing Assets of Defendants and Relief Defendants and Granting Other Relief and for an

Order to Show Cause Why a Preliminary Injunction Should Not Be Issued ("December 5 Order"), including but not limited to, a freeze of the assets of Defendant Raby [Dkt. No. 5];

WHEREAS, by order dated December 11, 2012, the Court amended its December 5 Order to permit a limited lifting of the asset freeze on BB&T general checking account (account number xxx-xxx-xxx-5412) and payroll account (xxx-xxx-xxx-6596) (collectively, "BB&T Accounts") of Raby Construction LLC ("Raby Construction") which permitted Raby Construction to make withdrawals, transfers or payments from those accounts solely for the purpose of allowing Raby Construction to act in its ordinary course of business, including payments to employees and third-party vendors in arms-length transactions ("December 11 Order") [Dkt. No. 12];

WHEREAS, Defendant Raby consented to the entry of a preliminary injunction order against him, which the Court entered on December 13, 2012 [Dkt. No. 29];

WHEREAS, the Court, by Order of December 19, 2013 continued and partially lifted the asset freeze with respect to certain of Raby's assets [Dkt. No. 39];

WHEREAS, the Court, by further orders, continued and partially lifted the asset freeze with respect to certain of Raby's assets from time to time;

WHEREAS Defendant Raby sought by motion of May 7, 2013 limited relief from the asset freeze in order, among other things, to permit Raby Construction to satisfy its bonding requirements as set forth in a letter from BB&T Insurance Services; [Dkt No. 100]

WHEREAS the Court, by Order of May 22, 2013 granted the defendant, Kenneth M. Raby's Motion for the partial lifting of the asset freeze of Raby's Morgan Stanley account xxx-xxx-xxx-554, ("Morgan Stanley Account")to enable Raby Construction Company to satisfy its bonding requirements; (May 22 2013 Order)[Dkt. No 104].

WHEREAS, the Court has been advised that the Morgan Stanley account has been re-frozen, and there are complications concerning the interpretation of the May 22, 2013 Order and the responsibility of Morgan Stanley related to the asset freeze; and

WHEREAS, the Court has been advised that, without consenting, the Commission does not object to the modification of this court's prior Order providing for the partial relief sought by the defendant, Kenneth M. Raby in his Motion of May 7, 2013,;

**IT IS HEREBY ORDERED** that the asset freeze with respect to the assets of Raby is hereby continued until further order of the Court, EXCEPT THAT:

1. The assets in the Morgan Stanley Account shall be and remain frozen until further order of the Court.

2. The asset freeze with respect to the BB&T Account xxxx-xxxx-xxxx-x8891, in the name of Kenneth M. Raby, with the approximate balance of $838,000.00 shall be immediately lifted without delay;

3. The defendant, Kenneth M. Raby is only authorized to use the money from that account to satisfy the bonding requirements of Raby Construction Company, and BB&T is not required to account for how these funds are used;

4. Defendant Raby shall provide a complete accounting to the plaintiff of all transfers or uses of that money within twenty four hours of any such transfer or use; and

5. Except as expressly amended herein, all other terms and provisions of the Court's prior orders shall remain in full force and effect pending further order of the Court.

SO ORDERED.

Signed: November 1, 2013

Graham C. Mullen
United States District Judge