UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CV-803 (GCM)

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN W. FEMENIA, et al., ) | |
| ) | |
| Defendants, ) | ORDER |
| and ) | |
| ) | |
| KRISTINE LACK and CHRISTINE MUSANTE, ) | |
| ) | |
| Relief Defendants. ) | |

THIS MATTER IS BEFORE THE Court on the plaintiff Securities and Exchange Commission's Motion for Disgorgement, Civil Penalties and Interest, [Dkt. 306] filed with the Court on November 3, 2016. The defendant, Roger A. Williams has previously executed a consent Judgment, which among other things, included a waiver of findings of fact and conclusions of law, a permanent injunction against the violation of Section 10(b) of the Securities Exchange Act of 1934, the payment of disgorgement of illegal proceeds, with the amount of that disgorgement, civil penalties and interest to be determined by the Court. Additionally the consent Judgment provided that the allegations contained in the plaintiff's first Amended Complaint were deemed to be accepted as true.

IT FURTHER APPEARING TO THE COURT that the defendant, Roger A. Williams filed his Declaration, together with attachments, reflecting his financial and personal condition, the circumstances surrounding his prosecution and incarceration, losses incurred as a result of the trading, commissions paid, and his cooperation with both the Securities and Exchange

Commission and the United States government. The Defendant also caused to be filed tax information concerning the tax implications of the trading and information concerning the market value of certain real estate in Union County, North Carolina.

AFTER CONSIDERATION OF THE FOREGOING, a review of the documentation filed by the parties, and considering the positions and arguments proffered by the parties, the Court determines that further findings of fact, and conclusions of law are waived by the parties and are not necessary.

IN LIGHT of the amount asserted by the plaintiff to be disgorged, $4,522,831.00, and the matters and things established by the defendant to be legitimate considerations for deductions from the amount of the gain alleged, such as taxes paid, commissions paid, losses incurred, cooperation with authorities and other personal considerations, this Court, sitting as a court of Equity, determines that the totality of the circumstances dictate that the amount sought be reduced in accordance of the principles of equity, in a manner and light that will produce and equitable result, and further the remedial and deterrence goals of the Securities Exchange Act of 1934:

IT IS THEREFORE ORDERED:

1. The plaintiff's Motion for disgorgement is GRANTED.
2. The defendant, Roger A. Williams shall be disgorged of, and pay to the United States Treasury the sum of $3,100,000.00.

3. This disgorgement shall be effectuated in the following manner:

(a) All amounts in the TD Ameritrade Account, XXXX-4686 shall be paid to the United States Treasury as soon as is commercially practical. The defendant shall cooperate in any and all manners requested by the plaintiff or TD Ameritrade in order to effectuate this transfer.

(b) All real estate owned by the defendant, Roger A. Williams in Union County shall remain subject to the asset freeze and sold, sequentially, beginning with 10603 New Town Road, Marvin, North Carolina, by private sale, as opposed to government auction, in a manner and under conditions suggested and conducted by the real estate company chosen by the parties to sell this property. Any net proceeds that exceed the balance of the disgorgement amount owed at the time of the sale shall be the property of the defendant, Roger A. Williams.

(c) In the event that the combination of the proceeds from the TD Ameritrade Account and the net proceeds of 10603 New Town Road property do not satisfy the disgorgement amount ordered, then the acreage and residence located at 10507 New Town Road, Marvin North Carolina, then this property shall be sold consistent with the provisions of paragraph (b).

(d) Nothing herein precludes the defendant from satisfying this disgorgement by alternative means if he develops the capability to do so, or a sale of the New Town Road properties together if that is economically feasible, with the defendant receiving any net proceeds in excess of the amount of the disgorgement owed at the time of the sale

(e) All other assets of the defendant, currently subject to the asset freeze, specifically including the amounts being held in the trust account of Robert N. Burris, or his law

firm, are hereby unfrozen, and the defendant, Roger A. Williams is entitled to take immediate possession of these assets.

4. The plaintiff's Motion for civil penalty is DENIED.

5. The plaintiff's Motion for pre-judgment interest is DENIED.

6. This court retains jurisdiction over this case for purposes of enforcement of the provisions of this, and neither party is precluded from seeking the Court's assistance in insuring performance.

SO ORDERED this the 17th day of November, 2016

HONORABLE GRAHAM C. MULLEN
United States District Judge
Western District of North Carolina