**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN W. FEMENIA, SHAWN C. HEGEDUS, DANIELLE C. LAURENTI, CORAM REAL ESTATE HOLDING, INC., GOLDSTAR P.S. INC., ROGER A. WILLIAMS, KENNETH M. RABY, FRANK M. BURGESS, JAMES A. HAYES, MATTHEW J. MUSANTE, ANTHONY C. MUSANTE and AARON M. WENS,<br><br>                    Defendants,<br><br>and<br><br>KRISTINE LACK and CHRISTINE E. MUSANTE,<br><br>                    Relief Defendants. | Civil Action No.<br><br>3:12-cv-803-GCM |

**JUDGMENT AS TO DEFENDANT AARON WENS ORDERING**
**PERMANENT INJUNCTION AND OTHER RELIEF**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Aaron M. Wens ("Defendant" or "Wens") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Order Granting Permanent Injunctive and Other Relief (the "Order"); waived findings of fact and conclusions of law; and waived any right to appeal from this Order.

1

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon as may be ordered by the Court, calculated from December 5, 2012, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

IV.

Wens's Consent is incorporated herein with the same force and effect as if fully set forth

3

herein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court will retain jurisdiction over this matter and over Wens, in order to implement and carry out the terms of all Orders and Decrees that may be entered, including this Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Signed: March 29, 2018

Graham C. Mullen
United States District Judge