# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN W. FEMENIA, SHAWN C. HEGEDUS, DANIELLE C. LAURENTI, CORAM REAL ESTATE HOLDING, INC., GOLDSTAR P.S. INC., ROGER A. WILLIAMS, KENNETH M. RABY, FRANK M. BURGESS, JAMES A. HAYES, MATTHEW J. MUSANTE, ANTHONY C. MUSANTE and AARON M. WENS,**<br><br>Defendants,<br><br>and<br><br>**KRISTINE LACK and CHRISTINE E. MUSANTE,**<br><br>Relief Defendants. | **Civil Action No.**<br><br>**3:12-cv-803-GCM** |

# JUDGMENT AS TO DEFENDANTS SHAWN C. HEGEDUS, DANIELLE C. LAURENTI, CORAM REAL ESTATE HOLDING, INC. AND GOLDSTAR P.S. INC.

The Securities and Exchange Commission ("Commission") having filed a complaint and made a Motion for Default Judgment against Defendants Shawn C. Hegedus ("Hegedus"), Danielle C. Laurenti ("Laurenti"), Coram Real Estate Holding, Inc. ("Coram"), and Goldstar P.S. Inc. ("Goldstar") (collectively the "Hegedus Defendants"); the Clerk having entered default against the Hegedus Defendants on May 8, 2019 [Dkt. 384], upon the submissions and filings with the Court and for good cause shown:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Hegedus Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) each of the Hegedus Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with any of the Hegedus Defendants or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Hegedus Defendant are jointly and severally liable for disgorgement of $2,420,000, representing profits gained as a result of the conduct alleged in the complaint, together with prejudgment interest thereon in the amount of $636,976.39. The Court declines to order a civil penalty.

The Hegedus Defendants shall satisfy the foregoing obligations by paying the amounts to the Securities and Exchange Commission within 30 days after entry

of this Judgment.  The Hegedus Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  The Hegedus Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the specific name of the Hegedus Defendant or Hegedus Defendants as the defendant or the defendants in this action making the payment; and specifying that payment is made pursuant to this Judgment.

The Hegedus Defendants or Hegedus Defendant making the payment shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making the payment, the Hegedus Defendants or the Hegedus Defendant making the payment relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned.  The Commission shall send the funds paid

pursuant to this Judgment to the United States Treasury.

The Commission may enforce the Court's Judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court will retain jurisdiction over this matter and over the Hegedus Defendants, in order to implement and carry out the terms of all Orders and Decrees that may be entered, including this Judgment.

### IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Signed: August 29, 2019

Graham C. Mullen
United States District Judge