UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN W. FEMENIA, SHAWN C. HEGEDUS, DANIELLE C. LAURENTI, CORAM REAL ESTATE HOLDING, INC., GOLDSTAR P.S. INC., ROGER A. WILLIAMS, KENNETH M. RABY, FRANK M. BURGESS, JAMES A. HAYES, MATTHEW J. MUSANTE, ANTHONY C. MUSANTE and AARON M. WENS,<br><br>Defendants,<br><br>and<br><br>KRISTINE LACK and CHRISTINE E. MUSANTE,<br><br>Relief Defendants. | Civil Action No.<br><br>3:12-cv-803-GCM |

## ORDER AND JUDGMENT AS TO DEFENDANT JOHN W. FEMENIA AND RELIEF DEFENDANT KRISTINE LACK

WHEREAS, the parties were before the Court for a conference on October 10, 2024 (the "Court Conference") to discuss final resolution and disposition of

this matter with respect to Defendant John W. Femenia ("Defendant" or "Femenia") and Relief Defendant Kristine Lack ("Relief Defendant" or "Lack");

WHEREAS, Femenia previously agreed to and the Court entered preliminary injunctive and other relief with respect to Femenia on December 17, 2012, including the freezing of certain bank, brokerage and investment accounts, co-owned or controlled by Femenia, including a certain JP Morgan Chase Bank account (the "Relief Defendant Account") held in the name of Relief Defendant (the "December 17 Order") [Dkt. 33];

WHEREAS, Femenia executed a Consent [Dkt 418] and the Court entered a consent Judgment [Dkt 419], which among other things, included a waiver of findings of fact and conclusions of law and an admission by Femenia, by virtue of his guilty plea in *United States v. Femenia, et al.*, Crim No. 3:12-cr-00386-RJC (W.D.N.C.) (the "Criminal Action"), of the allegations of the First Amended Complaint and an agreement to the Court's determination of disgorgement, prejudgment interest thereon and civil penalty, if any;

WHEREFORE, after consideration of the foregoing and as discussed at the Court Conference,

IT IS HEREBY ORDERED as follows:

1. Defendant Femenia is liable for disgorgement in an amount equal to the monies in the accounts owned or controlled, in whole or in part, by Femenia that were and are currently frozen pursuant to the Court's December 17 Order;

2. Defendant Femenia's disgorgement will be satisfied by electronically transferring the frozen amounts from the accounts owned or controlled, in whole or in part, by Femenia, including the Relief Defendant Account, that were and are currently frozen pursuant to the Court's December 17 Order to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request or through the Pay.gov through the SEC website at http://www.sec.gov/about/offices.ofm.htm.

3. Except as otherwise ordered herein, upon the filing of this Judgment, any and all asset freezes against other assets of Femenia or Lack are hereby lifted, vacated and dissolved.

4. No civil penalty or prejudgment interest is imposed in light of the significant criminal penalties imposed on Femenia in the Criminal Action.

5. This action is dismissed with prejudice as to Relief Defendant Lack.

6.      This Judgment resolves, concludes and terminates Plaintiff's case against Defendant John Femenia. This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

Signed: November 4, 2024

Graham C. Mullen
United States District Judge